FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 07, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNA ELENA M., | No.  1:21-CV-03103-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S** |
| COMMISSIONER OF SOCIAL | **MOTION FOR SUMMARY** |
| SECURITY ADMINISTRATION, | **JUDGMENT; DENYING** |
| Defendant. | **DEFENDANT'S MOTION FOR** |
| | **SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 11, and Defendant's Motion for Summary Judgment, ECF No. 12. The motions were heard without oral argument. Plaintiff is represented by D. James Tree, and Defendant is represented by Shata Long Stucky and Timothy Durkin.

**Jurisdiction**

On January 19, 2016, Plaintiff filed an application for Title II disability insurance benefits, alleging disability beginning October 10, 2011.

Plaintiff's application was denied initially and on reconsideration.[1] On May 19, 2021, Plaintiff testified at a telephonic hearing held before an ALJ, with the

---

[1]Plaintiff sought review of the denial from the United States District Court for the Eastern District of Washington, which granted a stipulated motion for remand on April 23, 2020.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

assistance of Robert Tree. Vern Arne, vocational expert also participated. The ALJ issued a decision on May 26, 2021, finding that Plaintiff was not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on August 23, 2021. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

Plaintiff was 39 years old on her alleged onset day and 44 years old on her date last insured. She obtained her GED. She is married and has four adult children. She was in a motor vehicle accident in 2011. Since that time, she has had chronic pain in her back and shoulder. She underwent surgery for a rotator cuff tear that was caused by the accident, but she continues to have pain in her shoulder and reduced range of motion. A 2015 MRI showed that Plaintiff had bulging discs in her back. She has prior part-time work between 2011 and 2016 as an office cleaner/janitor. She worked two to four hours a week, emptying the trash during the day and completing light cleaning.

Plaintiff testified that she cannot work full-time because she is in pain and has difficulty lifting. She also began experiencing depression and anxiety after the accident. She testified that while she has good days and bad days, she has more bad days than good ones. While every day is painful, there are some days where she cannot move. She testified that on bad days, the pain gets bad in her neck and back and her muscles tighten. On these days, she uses heating pads and ice packs to alleviate her pain.

She can no longer drive because she has anxiety/panic attacks behind the wheel, and she also experiences significant anxiety while being a passenger in the car.

### The ALJ's Findings

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of October 10, 2011, through her date last insured of September 30, 2016. AR 596.

At step two, the ALJ found Plaintiff has the following severe impairments: degenerative joint disease of the left shoulder; degenerative disc disease of the spine; obesity; and depression. AR 596.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

the listed impairments. AR 597. Ultimately, the ALJ concluded that Plaintiff has a
residual function capacity ("RFC") to perform:

> A range of light work, as defined in 20 CFR 404.1567(b), as follows:
> occasionally lift and carry a maximum of 20 pounds; frequent lift and
> carry a maximum of 10 pounds; stand and/or walk for a total of four
> hours out of eight hours; sit for a total of six hours out of eight hours;
> push and/or pull, including operating hand and/or foot controls,
> without limitation other than shown for lift and carry; frequently
> climb ramps and stairs; never climb ladders, ropes or scaffolds;
> frequently balance, stoop, kneel, crouch, and crawl; can perform
> reaching overhead frequently with the left upper extremity and no
> limitations with reaching overhead with the right dominate upper
> extremity; no visual limitations; no communication limitations;
> should avoid working around hazards such as unprotected heights,
> heavy machinery, extremes of temperature, and hazardous chemicals;
> can understand, remember and carry out simple instructions; can
> exercise simple workplace judgment; can perform work that is
> learned by on the job training beyond a short demonstration lasting
> up to and including one month; can respond appropriately to
> supervisors and co-workers; can deal with occasional changes in the
> work environment; and can work in jobs that require occasional or
> less interaction or contact with the general public.

AR 599.

At step four, the ALJ found that Plaintiff was unable to perform any past
relevant work. AR 607.

At step five, the ALJ found that Plaintiff was not disabled and capable of
performing work that exists in significant numbers in the national economy,
including bench assembler/wire worker; electrical accessories assembler; and
eyeglass assembler. AR 608. The ALJ also found that if Plaintiff was limited to
sedentary exertional level, she was capable of performing work as a document
preparer and jewelry preparer.

### Issues for Review

1. Whether the ALJ properly rejected Plaintiff's symptom testimony?

2. Whether the ALJ properly evaluated the medical opinion evidence?

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6**

### Analysis

Due to Plaintiff's date last insured through September 30, 2016, Plaintiff was required to establish disability on or before September 30, 2016 to be entitled to disability benefits.

### 1. The ALJ's evaluation of Plaintiff's Symptom Testimony

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence. The ALJ relied on the fact that Plaintiff stopped seeking treatment after October 2015, which, in the ALJ's mind, suggested that she had improved. The ALJ believed that, at the minimum, this showed there was no evidence of any significant ongoing issues. Additionally, the ALJ concluded that Plaintiff's daily activities suggested that she was able to do more than she alleged.

The ALJ's reasons for discrediting Plaintiff's testimony (and the testimony of her husband) do not meet the clear and convincing standard, and as such, is not supported by substantial evidence. It appears the ALJ failed to consider Plaintiff's testimony that she stopped seeing her providers because she lost insurance coverage. The ALJ apparently believed that all persons would qualify for Obamacare and did not consider Plaintiff's explanation that she was unable to afford the almost $400/month that it would cost to obtain insurance because her husband's income slightly exceeded the income limit for help from the State. The ALJ erred in failing to consider whether Plaintiff's loss of insurance affected or

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

1  explained her lack of treatment, especially given that the ALJ jumped to

2  unfounded speculation that this meant her symptoms must have improved.

3  Moreover, the longitudinal record indicates that when Plaintiff was able to

4  reestablish care in 2018, her symptoms were not gone, but had increased in

5  severity. Additionally, the record does not support the ALJ's conclusion that

6  Plaintiff's reported minimal daily activities were inconsistent with her symptom

7  testimony.

8       **2.  The ALJ's evaluation of the medical opinion evidence**

9       The medical opinion of a claimant's treating physician is given "controlling

10  weight" as long as it "is well-supported by medically acceptable clinical and

11  laboratory diagnostic techniques and is not inconsistent with the other substantial

12  evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v.*

13  *Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion

14  is not controlling, it is weighted according to factors such as the length of the

15  treatment relationship and the frequency of examination, the nature and extent of

16  the treatment relationship, supportability, consistency with the record, and

17  specialization of the physician. § 404.1527(c)(2)-(6). "If a treating or examining

18  doctor's opinion is contradicted by another doctor's opinion, an ALJ may only

19  reject it by providing specific and legitimate reasons that are supported by

20  substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc.*

21  *Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a

22  medical opinion or assigns it little weight while doing nothing more than ignoring

23  it, asserting without explanation that another medical opinion is more persuasive,

24  or criticizing it with boilerplate language that fails to offer a substantive basis for

25  his conclusion." *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100

26  F.3d 1462, 1464 (9th Cir. 1996)).

27  //

28  //

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

a.     **Dr. Borish**

Dr. Borish began treating Plaintiff in 2011, shortly after the accident. He completed a questionnaire for an insurance claim Plaintiff had made related to her automobile accident. He noted that she had a rotator cuff tear in her left shoulder and had strained the cervical, thoracic and lumbar areas of her back. AR 518. He noted that she had limited use of her left arm and shoulder and had restrictions in lifting, working overhead, carrying and bending. He limited her to sedentary work. Dr. Borish completed another questionnaire in 2012 and indicated that Plaintiff continued to have the same restrictions. He was unsure of her prognosis or her ability to return to light duty because of her pain.

The ALJ rejected Dr. Borish's opinion for three reasons: (1) the limitations identified were temporary and likely to improve with treatment; (2) Dr. Borish's treatment notes were "hand-written and largely illegible and therefore do not clearly support or detract from his functional assessment," and (3) her complaints focused primarily on her left shoulder and Dr. Borish described her as having a normal gait and lower extremity strength.

The ALJ's reasons for rejecting Dr. Borish's opinion are not supported by substantial evidence. Rather, the record is sufficiently clear that Dr. Borish, a treating physician, supported his conclusions with objective evidence and his opinions are consistent with the longitudinal record. A close reading of Dr. Borish's treatment notes allows the reader to discern that his exam of Plaintiff revealed tenderness to the cervical, thoracic and paraspinal muscles and tenderness in the SI joints bilaterally. AR 515. She also had pain in the front aspect of the left shoulder and pain with retractor testing. *Id.* Finally, Plaintiff never complained of gait or strength issues. Instead, she explained that she cannot do her previous part-time janitorial job because she could not sit, stand, bend, twist or lift, due to pain. Whether she had normal gait or strength issues is irrelevant to whether Plaintiff can work full-time.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

Because the ALJ failed to provide specific and legitimate reasons, the ALJ erred in rejecting Dr. Borish's opinion.

### b.    Dr. Phan

The ALJ erred in concluding that Dr. Phan's opinion was based on inaccurate assumptions and diagnoses. A close reading of Dr. Phan's opinion reveals that he relied on Plaintiff's history of neck and left shoulder problems, as well as her carpal tunnel problems, to impose limitations on frequent grasping, gripping, twisting, and turning. It is clear Dr. Phan was not basing his opinion on any current symptoms of carpal tunnel syndrome. Rather, these limitations were based on objective evidence in the record including an MRI showing bulging cervical discs, the rotator cuff tear, the reduced range of motion in the neck, back and shoulder and tingling in some digits in the left hand.

### c.    Kaitlyn Llewellyn, PA-C

In April 2021, provider Kaitlyn Llewellyn, PA-C, completed a Medical Report indicating that she had treated Myers since November 2019. Tr. 1089. She indicated that Plaintiff had neck pain, back pain with right sciatica numbness and tingling, shoulder pain, knee pain, brain fog, diarrhea and anxiety with panic attacks during driving and while in stores. *Id*. Her clinical findings included spinal and paraspinal tenderness of cervical, thoracic, and lumbar spine on exam; MRI of the lumbar spine with degenerative changes noted; and x-ray of the cervical spine. Ms. Llewellyn noted that Plaintiff "has had minimal improvements over the past several years despite multiple treatments. Has been referred to pain management and PT for chronic pain to hopefully provide some more improvement, although pain unlikely to resolve." AR 1090. Ms. Llewellyn opined that Plaintiff would likely miss four or more days of work per month.

The ALJ gave little weigh to Ms. Llewellyn's opinion for two reasons: (1) Ms. Llewellyn did not begin treating Plaintiff until November 2019; and (2) "her assessment is vague and excessive and without detailed explanation regarding

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

1  how the objective findings she noted would cause the claimant to miss work." AR
2  606. Neither of these reasons are supported by the record.

3          First, Ms. Llewellyn's opinion is consistent with Plaintiff's medical records,
4  beginning in 2011, when she was in the motor vehicle accident, and throughout
5  when she was seeking care for chronic pain after the accident. Ms. Llewellyn
6  noted that Plaintiff's condition has remained largely unchanged for the several
7  years that she had treated her, and also concluded that her pain was unlikely to be
8  resolved in the future. AR 1090. Given the chronic and unchanging nature of
9  Plaintiff's pain symptoms, the ALJ erred in rejecting Ms. Llewellyn's opinion
10 because she only began treating her in 2019. Also, contrary to the ALJ's opinion,
11 Ms. Llewellyn provided a detailed description of Plaintiff's diagnosis, symptoms,
12 clinical findings, treatment and prognosis. The ALJ's conclusion that her opinion
13 was "vague and excessive" was not supported by substantial evidence. On the
14 contrary, Ms. Llewellyn's conclusion that Plaintiff would miss work due to pain
15 was well-supported by objective evidence. The ALJ erred in giving Ms.
16 Llewellyn's opinion little weight.

17         **3.    Conclusion**

18         Here, the ALJ committed legal error in rejecting the opinions of Dr. Borish,
19 Dr. Phan, and Ms. Llewellyn. If these opinions were properly considered, it is
20 clear Plaintiff is unable to work on a regular and continuous basis. It is clear she
21 would miss more than four days a month and would be unable to sustain full-time
22 employment. As such, a remand in this case would only delay an award. As such,
23 the Court will reverse the Commissioner's decision and remand for an immediate
24 calculation and award of benefits.

25         Accordingly**, IT IS HEREBY ORDERED:**

26         1.  Plaintiff's Motion for Summary Judgment, No. 11, is **GRANTED**.

27         2.  Defendant's Motion for Summary Judgment, No. 12, is **DENIED**.

28         3. The decision of the Commissioner denying benefits is **reversed** and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12**

**remanded** for an immediate calculation and award of benefits.

      4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

      **IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

      **DATED** this 7th day of June 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**